Tyrone M. Thorne, Respondent,
against
Cecile Alleyne, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered October 22, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,500.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the sum of $3,500, representing the price that defendant had allegedly agreed to pay plaintiff for the installation of flooring in defendant's house. At a nonjury trial, plaintiff conceded that, due to a disagreement with defendant, he had not finished installing the flooring in all of the rooms in defendant's house, and was willing to reduce the amount he was seeking to the sum of $2,000. Following the trial, the Civil Court awarded plaintiff the principal sum of $1,500. Defendant appeals, contending that the amount awarded was excessive.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). In our view, the judgment herein did not provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807; Ross v Friedman, 269 AD2d 584).
Although, at trial, defendant, appearing pro se, did not raise the issue that plaintiff was not a licensed home improvement contractor (see CPLR 3015 [e]), in a small claims action, the judge must, as a threshold matter, ascertain whether a contractor has the requisite license (see generally CCA 1804) before reaching the merits of the contractor's cause of action to recover for services rendered (see Colorito v Crown Heating & Cooling, Inc., 6 Misc 3d 131[A], 2005 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). This was not done by the trial judge. Without a showing of proper licensing, plaintiff was not entitled to recover on his claim.
We note that "[t]he purpose behind the enactment of CPLR 3015 (e) was not to weaken substantive consumer rights, but, rather, to shift the burden from the homeowner to the contractor to establish that the contractor was licensed" (Todisco v Econopouly, 155 AD2d 441, 441 [1989]). The legislative intent of CPLR 3015 (e) and the Administrative Code of the City of New York is to "safeguard and protect consumers against fraudulent practices and inferior work" [*2]by home improvement contractors (B & F Bldg. Corp. v Liebig, 76 NY2d 689, 692 [1990]). 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial at which the threshold issue of whether plaintiff was licensed must be resolved before reaching the merits of plaintiff's cause of action.
Solomon, J.P., and Aliotta, J., concur.
Elliot, J., dissents in a separate memorandum.
Elliot, J., dissents and votes to affirm the judgment in the following memorandum:
CPLR 3015 (e) provides, in pertinent part, as follows:
"Where the plaintiff's cause of action against a consumer arises from the plaintiff's conduct of a business which is required by state or local law to be licensed by the department of consumer affairs of the city of New York, . . . the complaint shall allege, as part of the cause of action, that plaintiff is duly licensed and shall contain the name and number, if any, of such license and the governmental agency which issued such license; . . . . The failure of the plaintiff to comply with this subdivision will permit the defendant to move for dismissal pursuant to paragraph seven of subdivision (a) of rule thirty-two hundred eleven of this chapter" (emphasis added).
As the instant case is a small claims action, there are relaxed pleading requirements (see CCA 1804). Nevertheless, when the issue of whether a contractor has the required license is raised at a small claims trial, but not resolved by the court, appellate courts have reversed judgments in favor of the contractor upon his cause of action to recover for services rendered and remitted the matter to the small claims court to determine whether the contractor had the necessary license so as to be entitled to recover for the work performed (see Colorito v Crown Heating & Cooling, Inc., 6 Misc 3d 131[A], 2005 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also Socha v Skalski, 27 Misc 3d 137[A], 2010 NY Slip Op 50870[U] [App Term, 1st Dept 2010]). Here, however, defendant never moved at any time during the proceedings to dismiss the action, pursuant to CPLR 3211 (a) (7), on the ground that plaintiff was an unlicensed home improvement contractor, as required by CPLR 3015 (e). Rather, in her brief on appeal, defendant, for the first time, asserts that plaintiff was not a licensed home improvement contractor and, even then, only for the purpose of arguing that the award in favor of the contractor was excessive. Thus, the issue that plaintiff was not licensed "is unpreserved for appellate review, since defendant[ ] failed to timely object to any defect in the plaintiff's proof on this ground [at trial]" (Feeward Constr. Co. v Capolino, 181 AD2d 632, 633 [1992]; see also RKS Elec. Corp. v Drago, 15 Misc 3d 144[A], 2007 NY Slip Op 51163[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). In general, issues not preserved are not considered on appeal (see Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp., 277 AD2d 782 [2000]; Posada v Nogara, 36 Misc 3d 142[A], 2012 NY Slip Op 51506[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), and I decline to consider this issue.
To the extent that the majority relies on CCA 1804, a close reading thereof demonstrates that it fails to support the majority's position.
New York City Civil Court Act section 1804 provides, in pertinent part, as follows:
"In every small claims action, where the claim arises out of the conduct of the defendant's business at the hearing on the matter, the judge or arbitrator shall determine the appropriate state or local licensing or certifying authority and any business or professional association of which the defendant is a member" (emphasis added).
This provision requires that a small claims court determine the appropriate licensing authority, concerning a "defendant's business" (CCA 1804), whereas, here, the contractor is the plaintiff. Part of the legislative intent of the 1991 amendment to CCA 1804 enacting the above provision was to facilitate the ability of a claimant to collect a judgment from a defendant contractor, which is why the statute refers to a "defendant's business" (see David D. Siegel, 1991 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Part 3, CCA 1804, 2016 Supp Pamph at 107). 


By its decision, the majority, citing requirements of substantial justice, establishes a rule requiring a judge in small claims court, sua sponte, to determine whether a plaintiff contractor is licensed. While such a rule may be appropriate, it is not for this court to enact such a rule. As CCA 1804, by its very terms, is inapplicable to a plaintiff, the majority effectively holds that the substantial justice requirement in the small claims court mandates it, in light of CPLR 3015 (e), which merely permits the defendant to move for dismissal. CPLR 3015 (e) refers not to contractors, but those that are required to be licensed by the departments of consumer affairs for various municipalities, including the New York City Department of Consumer Affairs, which issues over 100 types of licenses, including, in addition to home improvement contractors, to auctioneers, bingo game operators, dealers in products for the disabled, electronics stores, garages, general vendors, horse drawn carriage owners and drivers, laundry jobbers, locksmiths, process servers, pedicab drivers, sightseeing guides, ticket sellers and tow truck drivers, to name just a few licenses. Absent a statute or court rule, I believe it is improper for this court to conduct such rule making.
Accordingly, I dissent and vote to affirm the judgment.
Decision Date: November 25, 2016